| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>CHRISTOPHER ROWLAND,<br><br>    Plaintiffs,<br><br>  -against-<br><br>THE CITY OF NEW YORK, P.O. HENRY ZAYAS and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.<br><br>    Defendants. | CG7285<br><br><br><br><br><br>**COMPLAINT<br>AND DEMAND FOR<br>JURY TRIAL**<br><br>**07 CV 3553** |

  Plaintiff, CHRISTOPHER ROWLAND, by his attorneys, MYERS & GALIARDO, LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. HENRY ZAYAS and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiffs' rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff was and is a resident of Danbury, Connecticut.

7. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, defendants P.O. HENRY ZAYAS and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police

Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On July 11, 2006, at approximately 10:30 p.m., Plaintiff CHRISTOPHER ROWLAND was sitting on a stoop in the area of East 95th Street, between 2nd and 3rd Avenues, New York, New York, eating a slice of pizza.

12. Plaintiff CHRISTOPHER ROWLAND was approached by a Defendant Police Officer who asked Plaintiff what he was doing.

13. Plaintiff replied that he had parked in the area on his way to work that morning and was eating a slice of pizza before heading home to Connecticut.

14. The defendant Police Officers requested Plaintiff's identification and demanded to see his car. Without warning, the Police Officers forcibly searched Plaintiff's person, looking through his pockets and wallet. Plaintiff did not possess any contraband.

15. Plaintiff explained to the Police Officers that he had a long day at work and was ready to go home. The Police Officers told him, "you're not going home".

16. A Police Officer, using profanity, told Plaintiff that he was going to jail. The Police Officer unjustly and without probable cause arrested Plaintiff CHRISTOPHER ROWLAND.

17. As the Police Officers forcibly handcuffed Plaintiff CHRISTOPHER ROWLAND, a crowd began to gather at the location and witnessed Plaintiff's arrest.

18. Plaintiff, a 44 year-old Financial Advisor with no criminal history, was arrested and handcuffed in front of a group of people from the community.

19. Plaintiff was transported to the 19th Precinct and was charged with acting disorderly and resisting arrest.

20. The Police Officers filed false and misleading reports to support the arrest charges, including the false allegation that Plaintiff said, "Go fuck yourself" to the officers as they tried to issue him a summons and prior to his arrest.

21. On May 25, 2006, Plaintiff was arraigned in New York County Criminal Court and charged with Disorderly Conduct, P.L. 240.20, Obstruction of Governmental Administration, P.L. 195.05, and Resisting Arrest, P.L. 205.30, under Docket Number 2006NY035155.

22. The plaintiff was released on his own recognizance. The Plaintiff made several court appearances while awaiting the opportunity to contest the charges against the Police Officers at trial.

23. On March 1, 2007, the Court dismissed all charges against Plaintiff.

### FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

24. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 23 with the same force and effect as if fully set forth herein.

4

25. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

26. All of the aforementioned acts deprived Plaintiff, CHRISTOPHER ROWLAND, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

30. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

31. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 30 with the same force and effect as if fully set forth herein.

32. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## FALSE AREST UNDER 42 U.S.C 1983

33. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 32 with the same force and effect as if fully set forth herein.

34. As a result of Defendants' aforementioned conduct, Plaintiff, CHRISTOPHER ROWLAND, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

35. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

36. As a result of his false arrest, Plaintiff CHRISTOPHER ROWLAND was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

**FOURTH CLAIM FOR RELIEF:**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983**

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

39. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

40. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

41. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

42. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

43. The criminal proceedings were terminated in favor of Plaintiff on or about March 1, 2007, when the charges against him were dismissed and sealed.

**FIFTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY**

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

45. Defendant Police Officers P.O. HENRY ZAYASand P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), arrested CHRISTOPHER ROWLAND despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

7

46. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

48. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

49. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff CHRISTOPHER ROWLAND.

50. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff CHRISTOPHER ROWLAND as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff CHRISTOPHER ROWLAND as alleged herein.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff CHRISTOPHER ROWLAND.

53. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

54. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

55. All of the foregoing acts by Defendants deprived Plaintiff CHRISTOPHER ROWLAND of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;

   b. To be free from seizure and arrest not based upon probable cause;

   c. To be free from unlawful imprisonment;

   d. To be free from unwarranted and malicious criminal prosecution;

   e. To be free from intentional assault and infliction of emotional distress;

   f. Not to have cruel and unusual punishment imposed upon him; and

   g. To receive equal protection under the law.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff CHRISTOPHER ROWLAND demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:    New York, New York
          May 3, 2007

Respectfully submitted,

_____
Christopher D. Galiardo (CG7285)

MYERS & GALIARDO, LLP
*Attorneys for Plaintiff*
122 East 42nd Street, Suite 2710
New York, New York 10168
(212) 986-5900