UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHRISTOPHER ROWLAND,

                                                 Plaintiff,

                             -against-

CITY OF NEW YORK, P.O. HENRY ZAYAS, "JOHN
and P.O.s "JOHN DOES" #1-5 (said names being fictitious
as the true names are presently unknown), Individually and
in their Official Capacities.

                                     Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANT
CITY OF NEW YORK**

07 Civ. 3553 (VM)

JURY TRIAL DEMANDED

        Defendant City of New York ("City") by its attorney, Michael A. Cardozo,

Corporation Counsel of the City of New York, for its answer to the complaint, respectfully

alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except

admits that plaintiff purports to proceed as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except

admits that plaintiff purports to proceed as stated therein.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, except

admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except

admits that plaintiff purports to base venue as stated therein.

        5.      States that the allegations set forth in paragraph "5" of the complaint, are

not averments of fact requiring a response.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD").

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admits that defendant Zayas is employed by the NYPD.

9.      States that the allegations set forth in paragraph "9" of the complaint, constitute legal conclusions to which no response is required.

10.     Denies the allegations set forth in paragraph "10" of the complaint, except respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the NYPD.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.     Denies the allegations set forth in paragraph "14" of the complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.    Denies the allegations set forth in paragraph "17" of the complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admits that plaintiff was charged with Disorderly Conduct and Resisting Arrest.

20.    Denies the allegations set forth in paragraph "20" of the complaint.

21.    Denies the allegations set forth in paragraph "21" of the complaint.

22.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "22" of the complaint.

23.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.    In response to the allegations set forth in paragraph "24" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

25.    States the allegations set forth in paragraph "25" constitute legal conclusions to which no response is required.

26.    Denies the allegations set forth in paragraph "26" of the complaint.

27.    States the allegations set forth in paragraph "27" of the complaint constitute legal conclusions to which no response is required.

- 3 -

28.     States the allegations set forth in paragraph "28" constitute legal conclusions to which no response is required.

29.     Denies the allegations set forth in paragraph "29" of the complaint.

30.     Denies the allegations set forth in paragraph "30" of the complaint.

31.     In response to the allegations set forth in paragraph "31" of the complaint, defendants City repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

32.     Denies the allegations set forth in paragraph "32" of the complaint.

33.     In response to the allegations set forth in paragraph "33" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs  inclusive of this answer, as if fully set forth herein.

34.     Denies the allegations set forth in paragraph "34 of the complaint.

35.     Denies the allegations set forth in paragraph "35" of the complaint.

36.     Denies the allegations set forth in paragraph "36" of the complaint.

37.     In response to the allegations set forth in paragraph "37" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs  inclusive of this answer, as if fully set forth herein.

38.     Denies the allegations set forth in paragraph "38" of the complaint.

39.     Denies the allegations set forth in paragraph "39" of the complaint.

40.     Denies the allegations set forth in paragraph "40" of the complaint.

41.     Denies the allegations set forth in paragraph "41" of the complaint.

42.     Denies the allegations set forth in paragraph "42" of the complaint.

43.     Denies the allegations set forth in paragraph "43" of the complaint.

44.    In response to the allegations set forth in paragraph "44" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs  inclusive of this answer, as if fully set forth herein.

45.    Denies the allegations set forth in paragraph "45" of the complaint.

46.    States the allegations set forth in paragraph "46" of the complaint constitute legal conclusions to which no response is required.

47.    States the allegations set forth in paragraph "47" constitute legal conclusions to which no response is required.

48.    Denies the allegations set forth in paragraph "48" of the complaint.

49.    Denies the allegations set forth in paragraph "49" of the complaint.

50.    Denies the allegations set forth in paragraph "50" of the complaint.

51.    Denies the allegations set forth in paragraph "51" of the complaint.

52.    Denies the allegations set forth in paragraph "52" of the complaint.

53.    Denies the allegations set forth in paragraph "53" of the complaint.

54.    Denies the allegations set forth in paragraph "54" of the complaint, and all of its subparts.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

55.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

56.    Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

57.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

58.    Punitive damages cannot be assessed against defendant City.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

59.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

60.    Plaintiff provoked any incident.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

61.     There was probable cause for plaintiff's arrest and prosecution.


**WHEREFORE,** defendants City requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                August 6, 2007

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendant City
                                100 Church Street, Room 3-153
                                New York, New York 10007
                                (212) 788-1298


                                By:          /S/
                                     _____
                                     Douglas W. Heim (DH5238)
                                     Assistant Corporation Counsel

## DECLARATION OF SERVICE BY MAIL

I, Douglas W. Heim, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on August 6, 2007, I served the annexed Answer to Plaintiff's May 3, 2007 Complaint upon the following plaintiff of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said plaintiff at the address set forth below, being the address designated by said plaintiff for that purpose:

> Christopher D. Galiardo, Esq.
> Attorney for Plaintiff
> Myers & Galiardo, LLP
> 122 East 42nd Street, Suite 2710
> New York, New York 10168

Dated:        New York, New York
              August 6, 2007

                                        _____/S/_____
                                        Douglas W. Heim (DH5238)
                                        Assistant Corporation Counsel